PEOPLE ex rel. GORDON v. BUTLER, Tenement House Com'r.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

RECORDS (§ 11*)—CANCELLATION—CLOUD ON TITLE. ·

A record in the tenement house department of New York City of a violation by the owner, consisting of his permitting a tenement house to be occupied without a certificate, required by Tenement House Act (Laws 1901, p. 916, c. 334) § 122, and Greater New York Charter (Laws 1901, p. 567, c. 466) § 1344, made while a third person held a recorded mortgage on the premises, is not a cloud on the title to the premises subsequently purchased by the mortgagee under a mortgage foreclosure judgment extinguishing the lien of the city on the premises by reason of the judgment against the owner for the violation and the notice of lis pendens filed against the premises, and the court may not direct a mutilation of the record by a note on the record canceling and dis. ·:ssing the same.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 11.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of David Gordon, against Edmond J. Butler, as Commissioner of the Tenement House Department of the City of New York, to compel the cancellation of a record in the Tenement House Department. From an order directing the issuance of a peremptory writ of mandamus, defendant appeals. Reversed.

Argued before INGRAHAM, CLARKE, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

John P. O'Brien, for appellant.
Adolph Engel, for respondent.

McLAUGHLIN, J. Appeal from an order directing the issuance of a peremptory writ of mandamus commanding the appellant, as commissioner of the tenement house department of the city of New York, to cancel and dismiss of record in the tenement house department a certain violation, designated as "New Building Violation No. 464–08."

The violation referred to was recorded in the tenement house department on the 11th of April, 1908, against certain premises then

―――――――――

owned by one Wolkenberg, and consisted in his permitting a tenement house thereon to be occupied without having obtained from the department·a certificate to the effect that the building conformed to the requirements of the tenement house act, as required by·section 122 of said act and section 1344 of the Greater New York charter. An action was thereafter brought against him by the city to recover the penalty provided by the statute for such violation, and a notice of lis pendens was filed against the premises. Judgment was recovered against him for $274.41, which was duly docketed in the county clerk's office, no part of which has been paid. On the 29th of April, 1908, the tenement house department issued a certificate to the effect that the building on the premises conformed to the requirements, with a notice attached thereto that the violation for occupation before the issuance of the certificate was pending, and the premises have since been continuously occupied by tenants.

Prior to the 11th of April, 1908, the relator held a mortgage upon the premises, duly recorded, which he thereafter foreclosed, purchasing the premises himself upon the foreclosure sale. On the 20th of January, 1909, he conveyed the premises to one Gronholz, agreeing to cause the violation recorded against the premises as above stated to be canceled or dismissed. Upon the appellant's refusal to cancel of record such violation, the relator applied for and obtained a peremptory writ of mandamus, compelling the appellant, as commissioner of the tenement house department of the city, to do so, and he appeals.

The city was made a party to the foreclosure action, and the judgment there recovered extinguished any lien which it had upon the premises by reason of the judgment against Wolkenberg, and the notice of lis pendens filed was in effect discharged. The relator claims that by reason of these facts, and since the violation no longer exists, and judgment for the penalty therefor has been recovered, he has a right to have the record of the violation canceled.

The record of such violation was a public record, made pursuant to law, and the appellant had no power to destroy it. Matter of Molineux v. Collins, 177 N. Y. 395, 69 N. E. 727, 65 L. R. A. 104; People v. Mills, 178 N. Y. 274, 70 N. E. 786, 67 L. R. A. 131. But it is claimed that all the relator desired, and all the writ issued in accordance with the order appealed from required, was that the appellant should note on the record that the violation was canceled and dismissed. But the relator is not even entitled to this relief. The record as it now stands is not a lien upon the property, or a charge against him or his grantee. The violation charged was the unlawful occupancy of the house before the certificate of the tenement house department had been obtained. Such certificate has since been obtained, and the premises thereafter continuously occupied. How the record of the former violation can constitute any cloud upon the title to the property itself it is difficult to imagine. It is equally difficult to imagine where the court obtained its power to thus summarily direct the mutilation of the records.

The order appealed from should be reversed, with· $10 costs and disbursements and the motion denied, with $10 costs. All concur.